113 T.C. No. 20

UNITED STATES TAX COURT

HENRY RANDOLPH CONSULTING, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6838-98.                    Filed October 19, 1999.

        P has moved to dismiss this case for lack of
jurisdiction on the ground that the Notice of
Determination Concerning Worker Classification Under
Section 7436 is invalid for failure to identify by name
the individuals determined by respondent to be
employees. <u>Held</u>:  The notice is not invalid, and P's
motion is denied.

        <u>George W. Connelly, Jr.</u>, <u>Linda S. Paine</u>, and <u>William O.
Grimsinger</u>, for petitioner.

        <u>M. Kathryn Bellis</u>, for respondent.

OPINION

COHEN, Chief Judge:  In Henry Randolph Consulting v. Commissioner, 112 T.C. 1 (1999) (Randolph Consulting I), we considered and granted respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Amounts of Employment Taxes Proposed for Assessment by the Respondent for the years in issue. The case is now before the Court on Petitioner's Motion for Judgment on the Pleadings, which is more properly characterized as petitioner's motion to dismiss for lack of jurisdiction, on the ground that respondent did not issue a valid notice of determination concerning worker classification under section 7436.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

As we discussed in detail in Randolph Consulting I, on March 19, 1998, respondent mailed to petitioner a Notice of Determination Concerning Worker Classification Under Section 7436.  That notice stated in part:  "We have determined that the individual(s) listed or described on the attached schedule are to be legally classified as employees for purposes of federal employment taxes."  The attachments to the notice of determination did not include a list of the individuals by name. They did include, however, a copy of Examination Changes--Federal Unemployment Tax for 1995 (Form 4667) and Employment Tax Examination Changes Report for 1994 and 1995 (Form 4668),

detailing respondent's wage adjustments for "4 employees" (1994) and "6 employees" (1995) and included calculations of the amounts to be assessed.

After the Court granted respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Amounts of Employment Taxes Proposed for Assessment by the Respondent, respondent's Answer was filed. Attached to the Answer was a list of individuals that respondent determined should be reclassified as employees of petitioner. Petitioner then filed its motion, arguing that the notice is invalid because the list of individuals was not part of the notice of determination sent to petitioner in March 1998. Petitioner asserts: "The shortcoming is tantamount to failure to specify the amount of the determined deficiency anywhere in a Notice of Deficiency in a case under I.R.C. Section 6212."

Respondent argues that the standard to be applied to a notice of determination is whether it advises the taxpayer that respondent has determined that, for specified time periods, some or all of its workers are to be reclassified as employees and that the notice in this case meets that standard. Respondent acknowledges that petitioner's analogy between the notice of determination and a notice of deficiency is reasonable inasmuch as the form of neither is prescribed by statute. Respondent contends, however, that petitioner overreaches the scope of the

analogy in equating the list of workers reclassified with the amount of a deficiency. Respondent notes that section 7522, effective for notices sent on or after January 1, 1990, provides certain requirements for the statutory notice but also provides that "inadequate description" of the amount "shall not invalidate such notice."

Section 6212 is not among those sections referred to in section 7436(d), which provides that the principles of certain other sections shall apply to cases arising under section 7436. Nonetheless, we agree with the parties that a general analogy to cases involving deficiency notices is useful. We do not agree with petitioner, however, that those cases suggest that the notice in this case is fatally defective.

We need not discuss every case cited by either party. Specifically, discussions of circumstances in which the Court will or will not examine events occurring prior to the time a notice was sent are not useful here. Inasmuch as petitioner acknowledges that it has not been misled and asserts that "this is not a question of being misled," we need not discuss cases in which inconsistencies in a notice arguably created confusion. Nor need we discuss cases in which the notice showed on it face that there was no determination, such as Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), or cases limiting the application of Scar, such as Clapp v. Commissioner,

875 F.2d 1396 (9th Cir. 1989).  Petitioner argues that none of the cases cited by respondent are on point, but petitioner has cited no case that held invalid a notice analogous to the notice in issue here.

Petitioner relies on ipse dixit and on the bald assertion that "the statutory scheme in this case is clear and Respondent has manifestly violated it."  We are not persuaded.  The statutory scheme provides to taxpayers a remedy not previously available, to wit, an opportunity to have employment status disputes resolved in this Court.  See Randolph Consulting I, supra at 9-10.  As in other cases within our jurisdiction, the notice of that determination is the taxpayer's "ticket to the Tax Court".  The notice sent to petitioner is the "Notice of Determination Concerning Worker Classification Under Section 7436" that permits the taxpayer to seek relief in this Court.  It specifically states that the determination described in section 7436 has been made.  As we held in Randolph Consulting I, we do not have jurisdiction to determine the amount of taxes owing.  In any event, attachments to the notice sent to petitioner calculated the amounts to be assessed.  The failure to attach the list of named individuals that respondent determined to be employees is not incurable.  It was cured in this instance by the attachment to the Answer, and no prejudice to petitioner can be asserted plausibly.

There is nothing on the face of the notice that suggested no determination was made prior to the time the notice was sent. There is no dispute that the name of the taxpayer and the affected tax periods are set forth in the notice. In Randolph Consulting I, 112 T.C. at 12, we concluded that section 7436 is more like the declaratory judgment provisions than like the deficiency jurisdiction under which we may redetermine the amount of tax due. Petitioner has not cited, and we have not found, any declaratory judgment case in which a notice of determination was held inadequate. (Cases involving a taxpayer's attempt to invoke our jurisdiction on the basis of a document that was not a notice of final determination have been dismissed on respondent's motions. See AHW Corp. v. Commissioner, 79 T.C. 390 (1982); New Community Senior Citizen Housing Corp. v. Commissioner, 72 T.C. 372 (1979).)

Petitioner's contention that the notice is invalid for failure to specify the individual or individuals whose status has been determined, therefore, is only comparable or analogous to arguments by taxpayers that a notice was invalid for failure to explain the adjustments, failure to cite statutory provisions on which respondent relied, or inconsistencies in the notice. The cases have held that none of the asserted inadequacies invalidates the notice. See, e.g., Campbell v. Commissioner, 90 T.C. 110 (1988); Mayerson v. Commissioner, 47 T.C. 340, 348-349

(1966); <u>St. Paul Bottling Co. v. Commissioner</u>, 34 T.C. 1137 (1960).

In conclusion, petitioner has not provided any statutory language, case law, or convincing reason to invalidate the notice in this case.

<u>An order denying petitioner's motion will be issued</u>.