T.C. Memo. 2003-162

UNITED STATES TAX COURT

WESTERN MANAGEMENT, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12686-99.                    Filed June 3, 2003.

Robert E. Kovacevich and Richard W. Kochansky, for
petitioner.

Milton B. Blouke and Roger P. Law, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The petition in this case was filed in
response to a Notice of Determination Concerning Worker
Classification Under Section 7436[1] (notice of determination)

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
(continued...)

relating to petitioner's liabilities, pursuant to the Federal Insurance Contributions Act (FICA) and the Federal Unemployment Tax Act (FUTA), for 1994 and the first quarter of 1995 (period in issue). The issues for decision are whether: (1) Robert E. Kovacevich (Kovacevich) was petitioner's employee for Federal employment tax purposes, (2) petitioner is entitled to relief under section 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2885, as amended (section 530), (3) petitioner owes employment taxes pursuant to sections 3111 and 3301, and (4) petitioner is liable for section 6656 and 6662(a) penalties.

## FINDINGS OF FACT

On October 1, 1981, Kovacevich incorporated petitioner as Robert E. Kovacevich, P.S., a Washington C corporation, whose name was subsequently changed to Western Management, Inc. From its incorporation and through the period in issue, petitioner's only source of income was from the provision of legal services, and Kovacevich was petitioner's sole shareholder, president, and secretary-treasurer. In 1981, petitioner's board of directors voted to pay Kovacevich $28,000 in 1982 and $60,000, annually, thereafter. Kovacevich designated the Seattle First National Bank, Spokane and Eastern Branch (Seafirst), as the depository for all of petitioner's funds. All moneys that were paid on

[1](...continued)
all Rule references are to the Tax Court Rules of Practice and Procedure.

petitioner's accounts receivable were deposited in the Seafirst account.

Kovacevich worked 160 to 180 hours per month for petitioner and performed all services necessary to generate gross receipts on behalf of petitioner, including: Paying creditors, hiring employees, signing checks, determining employee compensation, renewing petitioner's malpractice insurance, and signing petitioner's Federal tax returns. No other person performed legal services on behalf of petitioner.

Kovacevich received funds from petitioner as his needs arose and was not compensated for his services at predetermined intervals. In 1994 and the first quarter of 1995, respectively, petitioner paid Kovacevich $132,000 and $33,250. Petitioner issued checks to Kovacevich, his wife, and their creditors (e.g., Nordstrom, Teneff Jewelry, Fit and Hollywood, and National Golf), and Kovacevich informed petitioner's accountant and tax return preparer, Bob Moe & Associates (Moe), that the payments were draws. Petitioner classified the payments as "loans" on its corporate ledgers and did not file Forms 1099-MISC, Miscellaneous Income, relating to the payments. Petitioner also paid Kovacevich's law license renewal fees, office expenses, bar dues, and health insurance premiums and deducted most of these expenses on its corporate income tax returns.

Kovacevich and his wife (Kovacevichs) maintained, at Farmers and Merchant's Bank, a personal line of credit. On the corporate ledgers, Moe listed the checks written to Farmers and Merchants Bank and MBNA in the "Receivable from Officer" account. These checks had an "LN" memo description, indicating that the payment related to a loan or the "Receivable from Officer" account.

From 1982 through 1992, petitioner sponsored a defined benefit plan for Kovacevich, its only participant. In 1982 and 1984, petitioner contributed $46,473 and $81,822, respectively, to the plan.

Petitioner's fiscal year ends on March 31. On its corporate income returns for 1994 and 1995, petitioner deducted officers' compensation expenses in the amounts of $132,000 and $133,000, respectively. Kovacevich, in his capacity as president, amended petitioner's 1991 Form 941, Employer's Quarterly Federal Tax Return, with the following statement:

> The amount of earnings of Employee Robert E. Kovacevich
> was not clear, hence was left off. The Employee paid
> all Income Tax due, hence the withholding is
> unnecessary. However the Social Security Tax is due.
> A completed W-2(c) term is included.

On April 28, 1999, respondent sent petitioner a notice of determination, in which respondent determined that Kovacevich was an employee for Federal employment tax purposes and that petitioner was not entitled, pursuant to section 530, to relief from such classification. Enclosed with the notice of

determination was a schedule setting forth petitioner's
liabilities as follows:

|  |  | Addition to Tax | Penalty |
|---|---|---|---|
| Year | Deficiency | Sec. 6656 | Sec. 6662 |
| 1994 | $48,968 | $611 | $9,794 |
| 1995 | 14,397 | 254 | 3,133 |

On September 21, 1999, the Court filed respondent's Motion
To Dismiss In Part For Lack Of Jurisdiction And To Strike As To
The Amounts Of Employment Taxes And Additions To Tax Proposed For
Assessment By The Respondent (partial motion to dismiss). On
October 12, 1999, the Court filed petitioner's response to the
motion and granted the motion on October 14, 1999. On October
17, 2000, the Court filed petitioner's Motion To Dismiss For Lack
Of Jurisdiction And Judgment On The Pleadings (motion to
dismiss). On October 17 and 18, 2000, the Court held proceedings
to determine whether petitioner properly classified Kovacevich as
an independent contractor and whether petitioner is entitled to
section 530 relief. On December 21, 2000, Congress amended
section 7436(a) to provide this Court with jurisdiction to
determine the correct amounts of Federal employment taxes in
worker classification cases. See Community Renewal Tax Relief
Act of 2000 (CRTRA), Pub. L. 106-554, sec. 314(f), 114 Stat.
2763A-643. That amendment was retroactive to August 5, 1997.
CRTRA sec. 314(g), 114 Stat. 2763A-643. On February 8, 2001, the
Court vacated its October 14, 1999, order of dismissal and denied

respondent's motion. On January 29, 2002, the Court held proceedings to determine the correct amount of employment taxes.

At the time the petition was filed, petitioner's principal place of business was Spokane, Washington.

OPINION

I. Jurisdiction

Petitioner contends that this Court lacks jurisdiction to determine the correct amount of employment taxes because: section 7436 was amended after this Court granted respondent's partial motion to dismiss, the notice of determination is invalid, and no employment tax is due.

A. Our Decision To Vacate the October 14, 1999, Order Was Proper

Petitioner contends that the Court improperly vacated its October 14, 1999, order, which granted respondent's partial motion to dismiss. Petitioner, relying on Plaut v. Spendthrift Farm, 514 U.S. 211 (1995), contends that the Constitution's separation of powers principles and the Due Process Clause of the Fifth Amendment prohibit the reopening of final judgments relating to section 7436 cases. Petitioner's reliance on Plaut is misplaced. In Plaut, the action was dismissed, and the judgment of dismissal became final prior to the enactment of the applicable statute. Specifically, the judgment of the District Court dismissing that case with prejudice was entered on August

13, 1991, was not appealed, and became final 30 days later. Legislation purporting to authorize the reopening of that final judgment and the reinstatement of the complaint was signed into law by the President on December 19, 1991. The Supreme Court held that the retroactive legislation was unconstitutional to the extent it required Federal courts to reopen judgments that became final before its enactment. Plaut v. Spendthrift Farm, supra.

Plaut is distinguishable because the amendment to section 7436 does not require the reopening of judgments which had become final prior to the amendment's enactment. Cf. Plaut v. Spendthrift Farm, supra at 214-217. Vacating the order was within our authority and consistent with the amendment and its effective date. See sec. 7436(a). Moreover, our judgment in this case is not yet final. See sec. 7481(a); Rule 190(a). Consequently, Plaut is inapplicable. Accordingly, this Court's decision to vacate its October 14, 1999, order was proper. Neely v. Commissioner, 116 T.C. 79, 84 n.6 (2001).

B.   Notice of Determination

Petitioner contends that the notice of determination is invalid because "the unexplained arrows and rounding of * * * [the amounts used to determine the deficiencies] indicate vagueness." Challenges regarding the validity of a notice of determination are analogous to such challenges to a notice of deficiency. Henry Randolph Consulting v. Commissioner, 113 T.C.

250 (1999) (holding that a notice of determination was not invalid for failure to specify the names of the individuals whose status had been determined pursuant to section 7436). A notice of deficiency is not "invalid for failure to explain the adjustments, failure to cite statutory provisions on which respondent relied, or inconsistencies in the notice [of deficiency]." Id. at 253; Campbell v. Commissioner, 90 T.C. 110 (1988); Mayerson v. Commissioner, 47 T.C. 340, 348-349 (1966). There is no dispute that the name of the taxpayer, the affected tax periods, and the amounts of the deficiencies are set forth in the notice of determination. Generally, the Court will not examine respondent's motives or procedure leading to his determination relating to a notice of deficiency. See Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Similarly, petitioner has not identified any reason to examine respondent's motives or procedure leading to his determination pursuant to section 7436.

C.   Kovacevichs' 1994 FICA Tax Payment

On October 17, 2000, the Court filed petitioner's motion to dismiss on the ground that the Court lacks jurisdiction because the Kovacevichs allegedly paid all of their 1994 FICA taxes. Our jurisdiction, pursuant to section 7436, is based upon whether petitioner properly classified Kovacevich as an independent contractor and whether petitioner is entitled to section 530

relief. <u>Henry Randolph Consulting v. Commissioner</u>, <u>supra</u>. In addition, we have jurisdiction to determine petitioner's employment tax liability relating to amounts petitioner paid Kovacevich in 1994 and 1995. Sec. 7436(a). Therefore, petitioner's motion to dismiss will be denied.

## II. <u>Employment Status</u>

Sections 3111 and 3301 impose taxes on employers under FICA and FUTA, respectively, based on wages paid to employees. "Employee" is defined for purposes of the FICA tax in section 3121(d). With certain modifications not germane here, this definition applies for purposes of the FUTA tax as well. Sec. 3306(i). Pursuant to section 3121(d)(2), the term "employee" includes any individual who has the status of an employee under the common law. Paragraphs (1), (3), and (4) of section 3121(d) delineate "statutory employees". These individuals are considered employees regardless of their status under the common law rules. See <u>Joseph M. Grey Pub. Accountant, P.C. v. Commissioner</u>, 119 T.C. 121, 126 (2002). Any officer of a corporation is a statutory employee, if such officer performs substantial services for a corporation and receives remuneration for those services. See <u>Veterinary Surgical Consultants, P.C. v. Commissioner</u>, 117 T.C. 141 (2001), affd. sub nom. <u>Yeagle Drywall Co. v. Commissioner</u>, 54 Fed. Appx. 100 (3d Cir. 2002); sec. 3121(d)(1); sec. 31.3121(d)-1(b), Employment Tax Regs.

Kovacevich was a statutory employee because at all relevant times he served as petitioner's president and secretary-treasurer, worked in all significant aspects of petitioner's business, performed substantial services for petitioner in his capacity as an officer, and obtained remuneration for such services from petitioner as his needs arose.[2]

III. Section 530 of the Revenue Act of 1978

Section 530 provides relief from employment tax liability, notwithstanding the actual relationship between the taxpayer and the individual performing services. Sec. 530(a). The taxpayer, however, must establish: It did not treat the worker as an employee, filed all returns for periods after December 31, 1978, "on a basis consistent with the taxpayer's treatment of such * * * [worker] as not being an employee", and had a reasonable basis for not treating the worker as an employee. Sec. 530(a)(1) and (2); Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, supra at 123.

---

[2] Petitioner contends that the Court's determination of whether Kovacevich is an employee or independent contractor is controlled by Clackamas Gastroenterology Associates, P.C. v. Wells, 536 U.S. __, 123 S. Ct. 1673 (Apr. 22, 2003). We disagree. In Clackamas, the Court simply held that in determining whether four director-shareholder physicians were employees or employers for purposes of the Americans with Disabilities Act of 1990, "the common-law element of control is the principal guidepost". The Court did not consider whether these individuals were employees or independent contractors for FICA and FUTA purposes. For employment tax purposes, Kovacevich is a statutory employee pursuant to sec. 3121(d)(1), and we need not resort to the common-law principles considered in Clackamas.

Petitioner treated Kovacevich as an employee. Sec. 530(a)(1)(A). Petitioner's board of directors voted to pay Kovacevich a $60,000 salary and issued a Form W-2, Wage and Tax Statement, relating to 1991. In addition, Kovacevich, in his capacity as petitioner's president, filed an amended Form 941 for 1991, with the following statement:

> The amount of earnings of <u>Employee</u> Robert E. Kovacevich was not clear, hence was left off. The <u>Employee</u> paid all Income Tax due, hence the withholding is unnecessary. However the Social Security Tax is due. A completed W-2(c) term is included. [Emphasis added.]

Furthermore, petitioner did not file Forms 1099 relating to payments made to Kovacevich. Sec. 530(a)(1)(B). Thus, petitioner fails the first two requirements and, accordingly, is not entitled to relief.

## IV. Liability for Employment Tax

Petitioner paid Kovacevich $132,000 and $33,250 in wages during 1994 and the first quarter of 1995, respectively. Because we have determined that Kovacevich is an employee under sections 3121(d)(2) and 3306(i), petitioner is liable for FICA and FUTA taxes as determined by respondent. See secs. 3306(a)(1) and (b), 3111(a) and (b).

## V. Penalties Under Sections 6656 and 6662(a)

Section 6656 imposes a penalty equal to 10 percent of the portion of an underpayment in tax that is required to be deposited if the failure to deposit is more than 15 days beyond the prescribed deadline. See sec. 6656(a); secs. 31.3402(b)-1,

31.3402(c)-1, Employment Tax Regs.  Petitioner has not established reasonable cause for failing to make the required deposits of tax.  Therefore, we sustain respondent's determination.  See Van Camp & Bennion v. United States, 251 F.3d 862 (9th Cir. 2001).

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence.  Petitioner's contention that amounts paid to Kovacevich were not wages is meritless.  See Van Camp & Bennion v. United States, supra at 869 (stating that the reasonable basis standard is not satisfied by "a return position that is merely arguable or that is merely a colorable claim"); Spicer Accounting Inc. v. United States, 918 F.2d 90 (9th Cir. 1990).  Petitioner did not exercise due care in the filing of its return and thus is liable for the section 6662(a) penalty.  Therefore, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An order denying petitioner's motion to dismiss will be issued, and decision will be entered under Rule 155.