DYK, Circuit Judge.
Robert E. Kovacevich and Yvonne R. Kovacevich appeal from a decision of the Court of Federal Claims granting summary judgment to the government on their tax refund claims. See W. Mgmt., Inc. v. United States, 101 Fed.Cl. 105 (2011). The Kovaceviches also appeal from the Court of Federal Claims’ grant of summary judgment to the government on its counterclaims against them, and the entry of judgment in the amount of $87,879.39. See id. We affirm the court’s grant of summary judgment to the government on the Kovaceviches’ claims, and (with one exception) affirm its judgment in favor of the government on the government’s counterclaims. We remand for the Court of Federal Claims solely to determine whether the judgment in favor of the government on its counterclaims should be reduced by certain credits claimed by the Kovaceviches under 26 U.S.C. § 6521.
Background
This litigation arises from the Kovace-viches’ efforts to obtain a refund of the amount represented by four checks they wrote to the Internal Revenue Service (“IRS”) between 1991 and 2004. See W. Mgmt., 101 Fed.Cl. at 112. The government asserted counterclaims against the Kovaceviches concerning their liability for tax liabilities incurred by Western Management, Inc. (“Western”) in 1994 and the first fiscal quarter of 1995. See id.[1]
During the periods in question, Robert Kovacevich was the president, secretary-treasurer, and sole shareholder of Western, a professional services corporation. See W. Mgmt., 101 Fed.Cl. at 110-11; W. Mgmt., Inc. v. Comm’r, 85 T.C.M. (CCH) 1442, 1442 (2003), T.C. Memo 2003-162, aff'd in part, 176 Fed.Appx. 778 (9th Cir.2006). The corporation treated Robert as an independent contractor, and did not pay the employer’s share of employment taxes or withhold the employee’s share of federal income and employment taxes. See W. Mgmt., 85 T.C.M. (CCH) 1442; see also Kovacevich v. Comm’r, 98 T.C.M. (CCH) 1, 1 (2009), T.C. Memo 2009-160 (discussing the 1992 tax year). The Kovaceviches appear to have paid self-employment taxes, consistent with Robert’s professed status as an independent contractor.
In April 1999, the IRS sent Western a notice of determination, recharacterizing Robert as an employee and assessing a deficiency in the corporation’s taxes for the periods at issue. W. Mgmt., 85 T.C.M. (CCH) at 1442-43. The Tax Court sustained the IRS’s determination. See id. at 1445. The Ninth Circuit affirmed as to Western’s liability for unpaid employment taxes. See W. Mgmt., 176 Fed.Appx. 778. *925 However, noting Western’s claim that the Kovaceviches had “paid self-employment taxes equivalent to the amounts [of employment taxes] owed” by the corporation, the Ninth Circuit suggested that the Ko-vaceviches could seek a refund under 26 U.S.C. § 6511(d)(7). Id. at 781. The Ninth Circuit remanded for the Tax Court to reexamine Western’s liability for failing to withhold income taxes. Id. at 782. On remand, the Tax Court found that because Robert had paid his income taxes, the IRS could not penalize Western for failing to withhold, but refused to abate Western’s liability for the employer’s share of employment taxes. The Ninth Circuit affirmed. See W. Mgmt. v. Comm’r, 314 Fed.Appx. 65 (9th Cir.2009); Kovacevich, 98 T.C.M. (CCH) at 2 (summarizing this litigation).
In 2004, while the Tax Court litigation was on appeal before the Ninth Circuit for the first time, the IRS sought to collect some of Western’s liabilities from Robert, as the individual responsible for the corporation’s tax payments under § 6672 of the Internal Revenue Code. See Kovacevich, 98 T.C.M. (CCH) at 1-2. In particular, the IRS assessed against Robert a so-called trust-fund-recovery penalty, stemming from Western’s failure to withhold Robert’s income taxes and employee’s share of employment taxes. See id.[2] When the Tax Court, on remand from the Ninth Circuit, abated Western’s liability for failure to withhold Robert’s taxes, the IRS abated Robert’s corresponding trust-fund-recovery penalty. This trust-fund-recovery penalty is distinct from the government’s efforts in this litigation, discussed below, to impose liability on the Kovace-viches on an alter ego theory.
Around this time, the Kovaceviches wrote three of the four checks to the IRS that are at issue here. Specifically, the Kovaceviches wrote a check for $7,682.00 in September 2003; a check for $7,514.40 in April 2004; and a check for approximately $8,276 in November 2004. See 101 Fed.Cl. at 112 & n. 15; Kovacevich, 98 T.C.M. (CCH) at 3. While the Kovacevich-es have advanced different explanations at different times as to their intent with respect to these checks, the record is clear regarding what the IRS did with the checks: all three were credited to Western’s tax account, offsetting part of the corporation’s liabilities for the five quarters at issue in this litigation (1994 and the first quarter of 1995). See infra.
The Kovaceviches initiated this litigation in February 2008, seeking a refund of the amount represented by the three checks. See 101 Fed.Cl. at 112. The Kovaceviches asserted that the checks were payments for Robert’s trust-fund-recovery penalty, and that when that penalty was abated, the amounts should have been refunded. Id. The Kovaceviches also sought a refund for the value of a fourth check drawn for approximately $22,000 on the account of Robert E. Kovacevich, P.S. in March 1991, on the theory that the IRS had wrongfully assessed Western for taxes that had already been paid by the Kovaceviches individually. See id. at 112 & n. 16; Kovacevich, 98 T.C.M. (CCH) at 3.
The government counterclaimed against the Kovaceviches, seeking to hold both members of the couple individually liable *926 for Western’s remaining employment tax liabilities for 1994 and the first quarter of 1995. 101 Fed.Cl. at 112. In particular, the government sought to hold Robert liable as the “alter ego” of the corporation, and Yvonne jointly liable under Washington’s community property law. Id.
The Court of Federal Claims awarded summary judgment to the government on both the Kovaceviches’ claims and the government’s counterclaims. With regard to the three checks from 2003 and 2004, the court read an earlier Tax Court ruling as finding that the IRS’s decision to credit these checks to Western was proper, and held that the Kovaceviches were precluded from relitigating this issue. Id. at 114-16 (citing Kovacevich, 98 T.C.M. (CCH) 1). With regard to the March 1991 check, the court found that the statute of limitations for claiming a refund had expired. Id. at 116 (citing 26 U.S.C. § 6511(b) (2006)). Finally, with regard to the government’s counterclaim, the court found that Robert was liable as Western’s alter ego, and Yvonne was liable as an owner of community property. Id. at 117-20. The court further held that “res judicata bars [the Kovaceviches] from relitigating the issue of [Western’s] liability for employment taxes, penalties, and interest stemming from Mr. Kovacevich’s employment.” Id. at 119. The court entered judgment against the Kovaceviches in the amount of $87,879.89. Id. at 121-22.
The Kovaceviches timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). “We review grants of summary judgment de novo.” Manor Care, Inc. v. United States, 630 F.3d 1377, 1381 (Fed.Cir.2011).
Discussion
I. The Plaintiffs’ Claims
A. The 2003 and 2004 checks
On appeal, the Kovaceviches first contest the Court of Federal Claims’ denial of a refund or credit for the three checks written in 2003 and 2004. The court found that this claim was precluded by the Tax Court’s decision in Kovacevich v. Commissioner, 98 T.C.M. (CCH) 1 (2009), T.C. Memo 2009-160, which, the Court of Federal Claims believed, “established the appropriateness of allocating [the checks] toward [Western’s] account.” W. Mgmt., Inc. v. United States, 101 Fed.Cl. 105,114-15 (2011); see also W. Mgmt., Inc. v. United States, No. 08-116T, slip op. at 3 n. 1 (Fed.Cl. Jan. 17, 2012) (Order Denying Reconsideration) (“[T]he Tax Court has established that the IRS treated the Kovaceviches’ payment correctly when it applied those payments towards [Western’s] existing tax liability.”).
We conclude that the Court of Federal Claims read too much into the Tax Court’s decision when it held that the Tax Court’s decision is preclusive on the question of whether this crediting was proper. In particular, the Tax Court explicitly refrained from deciding whether the IRS’s crediting of the last check, for approximately $8,276, accorded with the taxpayers’ wishes. 98 T.C.M. (CCH) at 7.
Nonetheless, we affirm the court’s award of summary judgment to the government on different grounds. Since the Kovaceviches are now liable for Western’s tax liability, they have received the full benefit of these payments. The Kovace-viches are not entitled to any further credit or refund for these payments.
B. The 1991 cheek
The Kovaceviches also appeal the Court of Federal Claims’ determination that the statute of limitations bars their claim for a refund for the amount of the check they wrote in 1991. Seemingly con *927 ceding that the ordinary statute of limitations, set forth in § 6511(b) of the Internal Revenue Code, has expired, the Kovace-viches instead seek a credit under § 6521 of the Code. Section 6521 provides that where the correction of a particular mis-characterization of income requires “an assessment of one [form of] tax and the refund or credit of [another],” but the statute of limitations bars a refund action, “the amount of the assessment ... shall be reduced by the amount of the credit or refund ... which would be required ... if such credit or refund ... were not prevented by” the statute of limitations. 26 U.S.C. § 6521(a). The Kovaceviches represented in this litigation that the March 1991 check was intended to pay Robert’s employment taxes for 1989 and part of 1990. Since none of the government’s recovery on the counterclaim stems from the recharacterization of any income earned in the years 1989 or 1990, § 6521 does not permit the Kovaceviches to seek a credit for the 1991 payment. See Bronson v. Comm’r, 64 T.C.M. (CCH) 1254 (1992), T.C. Memo 1992-648. As the Court of Federal Claims correctly concluded, the statute of limitations has expired on this claim.
II. The Government’s Counterclaims[3]
A. The alter ego determination
The Kovaceviches appeal the trial court’s determination that Robert is Western’s alter ego, claiming that this finding is contrary to the Tax Court’s findings in Western Management, Inc. v. Commissioner, 85 T.C.M. (CCH) 1442 (2003), T.C. Memo 2003-162, and therefore barred by both claim and issue preclusion. The Court of Federal Claims correctly rejected this argument. See W. Mgmt., 101 Fed.Cl. at 118 n. 20. The Tax Court made no determination on the alter ego question. See W. Mgmt., 85 T.C.M.(CCH) 1442; W. Mgmt., No. 12686-99 (T.C. Aug. 20, 2003) (Order on Motion for Reconsideration). Thus, the Tax Court litigation has no pre-clusive effect on the alter ego determination. However, as the Court of Federal Claims correctly noted, the plaintiffs’ own admissions in filings submitted to the Tax *928 Court establish that “Mr. Kovacevich regarded himself as [Western’s] ‘alter ego,’ with all control over the corporation being held by himself and Mrs. Kovacevich.” W. Mgmt., 101 Fed.Cl. at 117-18.
B. The 1994 and 1995 self-employment tax payments
The Kovaceviches also seek credit against the government’s recovery for self-employment taxes they allegedly paid along with their 1994 and 1995 income tax returns. Once again, they rely on § 6521 of the Internal Revenue Code, arguing that since the judgment in this case stems from Western’s failure to pay employment taxes for the same quarters for which they mistakenly paid self-employment taxes, § 6521 permits them to offset their mistaken payments against the judgment. At oral argument we ordered supplemental briefing on this issue. In its supplemental briefing, the government claimed that the Kovaceviches received at least partial credit for their self-employment tax payments. However, the record in this litigation is not adequate to determine whether some or all of the claimed credit was allowed. We must thus assume for purposes of this appeal only that the Kovaceviches were not given the credit that they now claim.
The government argues alternatively that the Kovaceviches cannot claim the benefit of § 6521. Section 6521 only allows the original, mistakenly paid taxes to be offset against the newly-assessed taxes if the statute of limitations prevented the person who paid the original taxes from initiating an ordinary refund proceeding at the time that the new taxes were assessed. See Treas. Reg. § 301.6521-l(c) (1967); Rev.Rul. 78-127, 1978-1 C.B. 436. The government argues that the employment taxes were assessed against Western in April 2004, and that the Kovaceviches could have sought a refund for the self-employment taxes they allegedly paid at any time between June 2003 (when the Tax Court issued its initial ruling affirming the IRS’s reclassification of Robert, see W. Mgmt., 85 T.C.M. (CCH) 1442) and December 2008 (at the end of the second calendar year after that ruling became final, see 26 U.S.C. § 7481(a)(2) (2006); W. Mgmt. v. Comm’r, 176 Fed.Appx. 778 (9th Cir.2006)). See 26 U.S.C. § 6511(d)(7) (2006); see also W. Mgmt., 176 Fed.Appx. at 781 (suggesting the Kovaceviches seek relief under § 6511).
The government appears to be correct that § 6521 does not entitle the Kovace-viches to claim a credit against Western’s tax liability because at the time that that liability was determined, the Kovaceviches could have sued for a self-employment tax refund. The Kovaceviches are not entitled to a credit against Western’s corporate liability, but they are (potentially) entitled to a credit against their individual liability resulting from the alter ego determination. That liability was first determined in 2011, when the Court of Federal Claims entered judgment in this litigation, and will only be finally determined when this decision on appeal becomes final. By that time, the statute of limitations for a refund claim under § 6511(d)(7) will have expired. Under these circumstances, we think that § 6521 allows the Kovaceviches to claim a credit for self-employment tax paid against their liability for Western’s unpaid taxes to the extent that such a credit has not already been allowed. We leave to the Court of Federal Claims on remand to determine, in the first instance, the amount of such a credit.
CONCLUSION
To summarize, we affirm the Court of Federal Claims’ determination that no further credit is due for the checks "written in *929 2008 and 2004; that the statute of limitations has expired with regard to the check written in 1991; and that Robert is liable for Western’s unpaid taxes as the corporation’s alter ego. We have also considered the Kovaceviches’ other arguments, and find them to be without merit. We thus affirm the trial court’s rejection of the Kovaceviches’ claims and award of summary judgment to the government on its counterclaims, with one exception. We remand to the Court of Federal Claims solely in order to determine whether the Ko-vaceviches have previously received credits for the full amount of self-employment taxes they paid for 1994 and the first quarter of 1995, and, if they have not, to correct the amount of the judgment entered against them to reflect such credits.
Costs
Costs to neither side.
Opinion for the court filed by Circuit Judge DYK.
Dissenting opinion filed by Circuit Judge NEWMAN.

. Western was named Robert E. Kovacevich, P.S. until 1997, and its current name is cre-deX Inc. Since all parties have referred to the corporation as "Western Management” in this litigation, we do the same.
Western was also a party before the Court of Federal Claims. The court dismissed the claims and counterclaims involving the corporation, holding that because Tax Court litigation over its corporate liability for the fiscal quarters at issue was pending before the Ninth Circuit at the time that this suit was filed, the Court of Federal Claims lacked jurisdiction over those claims under 28 U.S.C. § 1500. See W. Mgmt., 101 Fed.Cl. at 113-14. Neither side has appealed that dismissal.

. The Tax Court has described the trust-fund-recovery penalty assessed against Robert as a penalty for “unpaid employer taxes,” id. at 2 (emphasis added), rather than for unwithheld employee taxes, but this appears to be an error, in light of the court’s accompanying description of the § 6672 trust-fund-recovery penalty as a penalty assessed when "a corporate employer doesn’t pay over the withheld [income and employment taxes],” see id. at 1-2 (emphasis added).

. The Kovaceviches contend that the Court of Federal Claims lacked jurisdiction over the government’s counterclaims against them. The trial court’s jurisdiction over the counterclaims derives from its jurisdiction over the individuals' claims. See 28 U.S.C. §§ 1503, 2508; W. Mgmt., Inc. v. United States, No. 08116T, slip op. at 3-4 (Fed.Cl. March 20, 2009) (Order Granting in Part and Denying in Part Motion to Strike Defendant’s Counterclaim). The court correctly held that 28 U.S.C. § 1500 did not deprive it of jurisdiction over the individuals’ claims, notwithstanding the fact that the Tax Court litigation in Kovacevich, 98 T.C.M. (CCH) 1, was ongoing at the time that the present litigation commenced. See W. Mgmt., Inc. v. United States, No. 08-116T, slip op. at 4-5 (Fed.Cl. Jan. 17, 2012) (Order Denying Reconsideration).
Section 1500 deprives the court of jurisdiction over a claim if it is "based on substantially the same operative facts” as a claim pending in another court. United States v. Tohono O’odham Nation, — U.S. -, 131 S.Ct. 1723, 1731, 179 L.Ed.2d 723 (2011). In this case, the "operative facts” are not the same. At the time that this case was filed in the Court of Federal Claims, two Tax Court litiga-tions were pending. One Tax Court suit concerned Western’s tax liability for 1994 and 1995. See W. Mgmt. v. Comm’r, 314 Fed.Appx. 65 (9th Cir.2009). The Kovaceviches were not parties to that litigation, so it has no bearing on whether § 1500 bars suit by the Kovaceviches individually. The other pending Tax Court suit concerned the Kovacevich-es' 1992 tax liability, and not the 1994 or 1995 tax liabilities involved here. See Kornee-vich, 98 T.C.M. (CCH) at 7. Contrary to the dissent’s assertion, the 1992 tax year is not at issue in this case. Furthermore, we have held that this second Tax Court litigation was not preclusive on the issue of the proper crediting of the checks in this case. Therefore, § 1500 has no application to the claims and counterclaims involving the Kovaceviches in this case.