PETER F. BRONSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bronson
Docket No. 23594-90
United States Tax Court
T.C. Memo 1992-648; 1992 Tax Ct. Memo LEXIS 680; 64 T.C.M. (CCH) 1254; November 5, 1992, Filed *680 Decision will be entered for respondent except as to the addition to tax under section 6654(a). For Peter F. Bronson, pro se. For Respondent: Stephen J. McFarlane. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for tax year 1984 in the amount of $ 196 as well as additions to tax of $ 100 under section 6651(a)(1), of $ 10 and 50 percent of the interest payable with respect to the portion of the underpayment due to negligence under section 6653(a)(1) and (2), and of $ 12 under section 6654(a). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Scottsdale, Arizona, when he filed his petition. After concessions by the parties, the issues for decision are: (1) Whether petitioner is liable for self-employment tax in the amount of $ 196; (2) *681 whether petitioner may claim a deduction for a bad debt or a theft loss; (3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a timely return; and (4) whether petitioner is liable under section 6653(a)(1) and (2) for additions to tax for negligence or intentional disregard of rules or regulations. For the year in question, petitioner was a real estate agent working as an independent contractor out of the office of Merrill Lynch Realty. Petitioner filed his 1984 Federal income tax return on April 18, 1988, showing no income tax due. On Schedule C of his 1984 return, petitioner initially combined his self-employment income of $ 1,734 with his profits and losses from a partnership in which he was a member. On August 8, 1989, petitioner filed an amended return for 1984, correcting this error but showing no income tax due. In 1980 and 1981, petitioner worked out of the office of Armstrong & Associates (Armstrong), a real estate brokerage. As a real estate agent, petitioner was properly treated as an independent contractor. Petitioner claims that Armstrong erroneously withheld tax under the Federal Insurance Contributions Act (FICA) *682 and refused to refund the amounts he claimed were owed to him for excess withholding. Respondent determined that petitioner owed self-employment tax in the amount of $ 196 for 1984. Petitioner does not disagree with this determination, but argues that he is entitled to a credit against his 1984 self-employment tax for the excess FICA tax he allegedly paid in 1980 and 1981. He argues in the alternative that he is entitled to claim a deduction for a bad debt or a theft loss for sums owed him by Armstrong. In general, respondent's determinations are presumed to be correct, and petitioner has the burden of proving that they are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Self-employment Tax
Section 1401 imposes a tax upon each individual's "self-employment income". "Self-employment income" is defined in section 1402(b) as "net earnings from self-employment", with certain exceptions not relevant to this case. The term "net earnings from self-employment" is defined in section 1402(a) as "gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle *683 which are attributable to such trade or business". As a defense to his self-employment tax liability for 1984, petitioner claims the existence of an overpayment of FICA taxes in 1980 and 1981 and the availability of a resulting tax credit. He relies on section 6521. With certain exceptions not relevant to this case, section 6521 provides for the mitigation of the effect of the expiration of the period of limitations in certain cases in which self-employment income is incorrectly classified as wages and FICA taxes are paid, or wages are incorrectly classified as self-employment income and self-employment taxes are paid. If the correction of the error would require the refund or credit of one tax and the assessment of the other, and if the period of limitations has expired as to only one of the taxes in question, then the one tax may be credited against the other, despite the expiration of the period of limitations. Section 6521(a) provides: (a) SELF-EMPLOYMENT TAX AND TAX ON WAGES. -- In the case of the tax imposed by chapter 2 (relating to tax on self-employment income) and the tax imposed by section 3101 (relating to tax on employees under the Federal Insurance Contributions *684 Act) -- (1) If an amount is erroneously treated as self-employment income, or if an amount is erroneously treated as wages, and (2) If the correction of the error would require an assessment of one such tax and the refund or credit of the other tax, and (3) If at any time the correction of the error is authorized as to one such tax but is prevented as to the other tax by any law or rule of law (other than section 7122, relating to compromises), then, if the correction authorized is made, the amount of the assessment, or the amount of the credit or refund, as the case may be, authorized as to the one tax shall be reduced by the amount of the credit or refund, or the amount of the assessment, as the case may be, which would be required with respect to such other tax for the correction of the error if such credit or refund, or such assessment, of such other tax were not prevented by any law or rule of law (other than section 7122, relating to compromises). For a case to fall within this provision, there must be symmetry: "an amount" must be erroneously treated in such a way that one tax is due rather than the other which was erroneously paid. The provision clearly refers to a *685 change in the characterization in the same amount for the same year. See Jones v. United States, 613 F.2d 1311 (5th Cir. 1980); In Re Rasbury, 130 Bankr. 990 (Bankr. N.D. Ala. 1991). For example, suppose that in a given year a taxpayer earns income from which FICA is withheld, as if the income were wages, when in fact it derives from self-employment. If the limitations period for claiming a refund of the FICA tax has expired, but the period for assessing employment tax upon the income is still open, section 6521 would permit the time-barred overpayment of FICA to be offset against the assessment of employment tax. See section 301.6521-1, Proced. & Admin. Regs. Section 6521 does not provide for a credit in a case where FICA taxes were allegedly overpaid for a prior year and self-employment tax is underpaid for a later year. In such a case, the taxpayer would have to file a claim for refund and, if his refund claim was denied, sue for a refund according to the procedure provided in section 6511. Section 6521 is not applicable to this case, and petitioner is not entitled to a credit for 1984 on account of FICA taxes *686 allegedly overwithheld in 1980 and 1981. We hold that petitioner is liable for self-employment tax in the amount of $ 196. Bad Debt or Theft Loss Deduction
Petitioner argues that, if relief is not available in the form of a tax credit, he is entitled to deduct the amount by which Armstrong overpaid his FICA taxes as a bad debt or a theft loss. In defining a bad debt, section 1.166-1(c), Income Tax Regs., requires "a debt which arises from a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money." Petitioner has provided no evidence that a bona fide debt existed or that it became uncollectible in 1984. Petitioner argues that he is entitled to claim a deduction for a theft loss. The regulations provide that theft "shall be deemed to include, but shall not necessarily be limited to, larceny, embezzlement, and robbery." Sec. 1.165-8(d), Income Tax Regs. The existence of theft is generally determined under the law of the taxpayer's state. Theft as defined in the Arizona Statutes requires criminal intent. A person commits theft if such person knowingly controls property of another with the intent to deprive him *687 of such property. Ariz. Rev. Stat. Ann. sec. 13-1802(A)(1) (1989); Arizona v. Crumley, 128 Ariz. 302, 652 P.2d 891 (1981). A situation in which an employer withholds FICA taxes due to a misunderstanding of law is clearly not a theft under Arizona law or within the meaning of the Income Tax Regulations, as there was no criminal intent at the time the FICA taxes were withheld. We hold that petitioner is not entitled to claim a deduction for a bad debt or a theft loss for tax year 1984. Addition to Tax for Delinquency
Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proof. Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). A return made on the basis of the calendar year must be filed on or before the 15th day of April following the close of the calendar year. Sec. 6072. Petitioner filed his return for tax year 1984, due April *688 15, 1985, on April 18, 1988, and has offered no evidence of reasonable cause for filing a delinquent return. We hold that petitioner is liable for the addition to tax under section 6651(a)(1). Additions to Tax for Negligence
Respondent also determined that petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for negligence or intentional disregard of rules or regulations. Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). We find under the circumstances of this case that petitioner was negligent. Delinquent filing of a return, involving disregard of a known legal duty, constitutes negligence. Emmons v. Commissioner, 92 T.C. 342, 350 (1989), affd. 898 F.2d 50 (5th Cir. 1990); Burglass v. Commissioner, T.C. Memo. 1979-246. *689 In addition, petitioner had no evidence and no legal basis for claiming a tax credit for FICA taxes allegedly overpaid in past years. We hold petitioner liable for the additions to tax for negligence under section 6653(a)(1) and (2). Decision will be entered for respondent except as to the addition to tax under section 6654(a).