**Elzey F. JONES, Jr., Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 00–3373.

United States Court of Appeals, Federal Circuit.

Jan. 11, 2001.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Elzey F. Jones, Jr. petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his individual right of action ("IRA") appeal for lack of jurisdiction. The Board determined that Jones had not shown by a preponderance of the evidence that he had engaged in any whistleblowing activity and, therefore, that it lacked jurisdiction over his appeal. *Jones v. Merit Sys. Protection Bd.*, No. PH–1221–00–0157–W–1 (May 24, 2000) (initial decision). We *affirm*.

## DISCUSSION

### I.

Jones is employed as a machinist by the Department of the Air Force at the Dover Air Force Base in Delaware. On August 23, 1999, the Air Force notified Jones that he would be suspended for seven days for failure to honor a valid denial of a leave request, refusal to comply with proper orders, and creating a disruption in the workplace. Jones asked the Office of Special Counsel ("OSC") to investigate the suspension, claiming that it was in retaliation for whistleblowing. When OSC closed its investigation without taking action, Jones filed his IRA appeal with the Board.

In his appeal to the Board, Jones asserted that he had made protected disclosures regarding the improper destruction of repairable aircraft parts worth $15,000, and that his suspension was made in retaliation for these disclosures, in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). The administrative judge ("AJ") to whom the appeal was assigned determined that Jones had not shown that he had made a protected disclosure because there was no evidence that he had brought the allegedly improper destruction of the aircraft parts to the attention of the Office of Special Investigations of the Dover Air Force Base ("OSI"). *Jones,* slip op. at 6. The AJ therefore dismissed Jones' appeal for lack of jurisdiction. *Id.* at 7. This decision became the final decision of the Board when Jones failed to petition the full Board for review.

### II.

Our review of Board decisions is governed by 5 U.S.C. § 7703(c). We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Id.; Hayes v. Dep't of the*

*Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). The Board decision here is none of these.

 Jones bore the burden of establishing the Board's jurisdiction over his IRA appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). To establish jurisdiction over his IRA appeal, Jones had to establish that he was suspended because of his "disclosure of information ... [that he] reasonably believe[d] evidence[d] ... a violation of any law, rule, or regulation, or ... gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. §§ 1221(a), 2302(b)(8).

The AJ assumed that the disclosure of the allegedly improper destruction of repairable aircraft parts was a protected disclosure under § 2302(b)(8), and that Jones reasonably believed that the disclosure would be a protected disclosure. *Jones,* slip op. at 5–6. The AJ determined, however, that Jones had not established by a preponderance of the evidence that he actually had made the disclosure to OSI. *Id.* at 6. Although Jones provided a copy of a letter addressed to OSI titled "Motion for Report of Special Investigation," the AJ determined that there was no evidence that he actually had sent the letter to OSI or had otherwise made OSI aware of his allegation that aircraft parts had been destroyed improperly. *Id.* The AJ cited an affidavit by Commander Knapp, Detachment Commander of OSI, to the effect that OSI had no record of such a letter or of the allegations set forth therein, and that Commander Knapp had no personal recollection of the matter, despite having held the position of OSI Detachment Commander since August 30, 1997. *Id.*

 In his appeal to this court, Jones does not point to any evidence that he did in fact make a protected disclosure that would give the Board jurisdiction over his appeal. We note that Jones' filing of a complaint with the EEOC does not constitute a protected disclosure under § 2302(b)(8). *Spruill v. Merit Sys. Protection Bd.,* 978 F.2d 679 (Fed.Cir.1992). Because the AJ's determination that Jones had not made a protected disclosure is supported by substantial evidence, *viz.,* the affidavit of Commander Knapp, we cannot disturb the Board's decision dismissing Jones' IRA appeal for lack of jurisdiction.

 Jones argues that the Board should have granted the relief he requested because the Air Force failed to respond in a timely manner to the Board's acknowledgement order. As noted in the Board's March 30, 2000, order, however, Jones is not entitled to any relief on the merits of his IRA appeal until he establishes that the Board has jurisdiction over his appeal. *Jones v. Merit Sys. Protection Bd.,* No. PH–1221–00–0157–W–1 (March 30, 2000) (order). The Board's jurisdiction is defined by "law, rule, or regulation," 5 C.F.R. § 1201.3(a), and cannot be established by default.

Jones also argues that the Board erred in permitting the Air Force to submit evidence after the record was closed. However, the index of the record before the Board does not indicate that the agency submitted any new evidence after May 3, 2000, when the order closing the record was issued.

For the foregoing reasons, the decision of the Board is affirmed.