T.C. Memo. 2007-211


UNITED STATES TAX COURT


WESTERN MANAGEMENT, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12686-99.                    Filed August 2, 2007.


<u>Robert E. Kovacevich</u> and <u>Richard W. Kochansky</u>, for
petitioner.

<u>Milton B. Blouke</u> and <u>Roger P. Law</u>, for respondent.


MEMORANDUM OPINION


FOLEY, <u>Judge</u>:  This matter is before the Court on
petitioner's motion for award of reasonable litigation costs
pursuant to section 7430[1] and Rule 231.  On June 3, 2003, this

_____

[1] Unless otherwise indicated, all section references are to
(continued...)

Court issued its Memorandum Opinion in <u>W. Mgmt., Inc. v.</u>
<u>Commissioner</u>, T.C. Memo. 2003-162, affd. in part and remanded in
part 176 Fed. Appx. 778 (9th Cir. 2006), and we incorporate
herein the facts set forth in that opinion.

## Background

In 1981, Robert E. Kovacevich incorporated petitioner, a
Washington C corporation.  Petitioner's only source of income was
from the provision of Mr. Kovacevich's legal services.  Mr.
Kovacevich did not receive predetermined wages from petitioner
but, instead, received funds from petitioner as his needs arose.
In 1994 and the first quarter of 1995, petitioner paid Mr.
Kovacevich $132,000 and $33,250, respectively.  Petitioner
classified these payments as "loans" on its corporate ledger and
did not file Forms 1099-MISC, Miscellaneous Income, relating to
the payments.

On April 28, 1999, respondent sent petitioner a notice of
determination in which respondent determined that Mr. Kovacevich
was an employee of petitioner for Federal employment tax purposes
and petitioner was not entitled, pursuant to section 530 of the
Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2885 (Section 530),
to relief from such classification.  In addition, respondent

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

determined that Mr. Kovacevich, in 1994 and 1995, received from petitioner $132,000 and $33,250, respectively, in wages that were subject to taxes pursuant to the Federal Insurance Contributions Act (FICA) and the Federal Unemployment Tax Act (FUTA) and petitioner failed to pay the FICA and FUTA taxes relating to those wages. Respondent also determined that petitioner was liable for section 6656 and 6662(a) penalties relating to 1994 and 1995.

On June 3, 2003, the Court issued its Memorandum Opinion. The Court held that Mr. Kovacevich was a statutory employee of petitioner, and, in 1994 and 1995, Mr. Kovacevich received from petitioner $132,000 and $33,250, respectively, in wages that were subject to FICA and FUTA taxes. Petitioner contended that it was entitled, pursuant to section 530, to relief from the FICA and FUTA tax liabilities. The Court held, however, that petitioner did not satisfy the requirements of section 530 and thus, was liable for FICA and FUTA taxes relating to the wages paid to Mr. Kovacevich. The Court also sustained respondent's determinations relating to the penalties.

Petitioner appealed the Tax Court's decision to the Court of Appeals for the Ninth Circuit. The Ninth Circuit "[affirmed] the decision of the Tax Court in all respects except with regard to its calculations of the amount of income tax withholding owed

under 26 U.S.C. § 3402(a)" and remanded the case "for consideration of the narrow issue of whether 26 U.S.C. § 3402(d) provides Petitioner with any relief from the collection of those taxes and, if so, for recalculation of the amounts owed." See W. Mgmt., Inc. v. Commissioner, 176 Fed. Appx. at 782.

On March 14, 2007, the Court filed petitioner's motion for litigation costs. On April 26, 2007, the Court filed respondent's objection.

### Discussion

Petitioner may recover reasonable litigation costs if it establishes that it is the prevailing party, meets the net worth requirements, has exhausted administrative remedies, has not unreasonably protracted the court proceedings, and has claimed reasonable litigation costs. Sec. 7430(a), (b)(1), (3), (c)(4); Corson v. Commissioner, 123 T.C. 202, 205-206 (2004). These requirements are conjunctive, and failure to satisfy any one will preclude an award of costs to petitioner. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). Petitioner contends that it is entitled to litigation costs because it substantially prevailed with respect to the most significant issues. We disagree.

To be a prevailing party, petitioner must establish that it substantially prevailed with respect to either the amount in

controversy or the most significant issues presented.  See sec. 7430(c)(4)(A).  The Court, in its 2003 opinion, upheld respondent's determinations relating to the penalties, Mr. Kovacevich's employment status, and petitioner's failure to withhold Mr. Kovacevich's FICA and FUTA taxes.

The Court of Appeals for the Ninth Circuit merely remanded the case for the Court to recalculate the amounts owed by petitioner after the application of section 3402(d).  W. Mgmt., Inc. v. Commissioner, 176 Fed. Appx. 778 (9th Cir. 2006). Section 3402(d) provides that to the extent Mr. Kovacevich paid income tax on the wages at issue, respondent cannot collect the FICA and FUTA taxes from petitioner.  See id.  The Court of Appeals, however, affirmed this Court's determinations relating to the substantive issues in the case (e.g., Mr. Kovacevich's employment status and petitioner's failure to withhold Mr. Kovacevich's FICA and FUTA taxes).  Simply put, petitioner did not substantially prevail and thus, is not entitled to litigation costs.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and
decision will be entered.