MEMORANDUM *
Appellant Western Management, Inc. (“Western”) appeals (1) the Tax Court’s refusal to review issues outside the remand order; and (2) the Tax Court’s denial of Western’s request for attorney’s fees. We affirm.
Western appeals the Tax Court’s denial of its claims on remand from this court that its outstanding Federal Insurance Contributions Act tax liability and the 26 U.S.C. §§ 6656 and 6662(a) penalties and interest assigned to it should be abated. We have “repeatedly held, in both civil and criminal cases, that a district court is limited by this court’s remand in situations where the scope of the remand is clear.” Mendez-Gutierrez v. Gonzales, 444 F.3d 1168, 1172 (9th Cir.2006). The Tax Court properly rejected Western’s remaining claims as outside the scope of this court’s remand, which plainly provided only for recalculation of federal income tax withholding liability owed in light of 26 U.S.C. § 3402(d). W. Mgmt., Inc. v. C.I.R., 176 Fed.Appx. 778, 782 (9th Cir.2006).
We review the denial of attorney’s fees pursuant to 26 U.S.C. Section 7430 for abuse of discretion. Pac. Fisheries Inc. v. United States, 484 F.3d 1103, 1106 n. 2 (9th Cir.2007). The Tax Court’s determination that Western Management has not “substantially prevailed with respect to the amount in controversy, or ... with respect to the most significant issue or set of issues presented” was not an abuse of discretion. 26 U.S.C. § 7430(c)(4)(A). The remand from this court was solely to offset the amount owed by Western based on amounts already paid by its employee. There were no substantive issues on which to prevail in the remand proceedings.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.