NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DUANE W. LARSON,**

*Plaintiff-Appellant,*

**and**

**PAMELA A. LARSON,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant- Appellee.*

---

2010-5020

---

Appeal from the United States Court of Federal Claims in consolidated case Nos. 08-CV-737 and 09-CV-470, Judge Marian Blank Horn.

---

Decided: May 20, 2010

---

DUANE W. LARSON, of Murrieta, California, pro se.

PAMELA A. LARSON, of Murrieta, California, pro se.

RACHEL I. WOLLITZER, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were JOHN A. DICICCO, Acting Assistant Attorney General.

---

Before BRYSON, GAJARSA, and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Duane Larson and Pamela Larson appeal the dismissal of their tax refund claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. We *affirm*.

## BACKGROUND

This is the latest in a series of tax refund suits filed by the Larsons. The impetus for the refund suits dates back to 1985, when Mr. Larson was investigated for drug trafficking and faced charges of criminal tax evasion for tax years 1978, 1979, and 1980. Mr. Larson pleaded guilty to tax evasion for the 1979 tax year, but conceded the accuracy of the tax computations for all three tax years.

On September 16, 1985, the IRS issued a notice of deficiency for 1978, 1979, and 1980. The Larsons filed suit challenging the notice of deficiency, but the Tax Court affirmed the full amount of the deficiencies and penalties in 1994, after some delay due to Mr. Larson's incarceration. *See Larson v. Comm'r*, 67 T.C.M. (CCH) 3154 (1994), *aff'd*, 60 F.3d 830 (8th Cir. 1995).

On November 23, 1994, following the Tax Court's decision, the IRS issued a notice of tax due for 1979 and 1980. The amounts due were adjusted downward to account for jeopardy assessments that the IRS had previously made on August 15, 1985, pursuant to 26 U.S.C. § 6861(a). The IRS also added interest dating back to 1979 and 1980, respectively. The Larsons did not fully satisfy the assessed liabilities until October 21, 1997.

Between 1991 and 1998, Mr. Larson submitted several informal refund requests to the IRS. Initially, he raised the same arguments as those that were asserted in the Tax Court action. After the Tax Court's decision, he claimed that the IRS had improperly charged interest for the years preceding his 1985 guilty plea. The IRS did not immediately act on those refund claims, although the IRS ultimately disallowed them in 2008.

After receiving no response from the IRS to their refund claims, the Larsons filed suit on October 3, 1997, in the United States District Court for the Central District of California seeking a refund of the pre-1985 interest. That suit was dismissed without prejudice on March 31, 1998, because it was filed before the assessments had been paid in full. *See Larson v. United States*, No. 97-782 (C.D. Cal. Mar. 31, 1998). On October 21, 1998, the Larsons reinstituted their action seeking a refund of the pre-1985 interest. This time, the district court addressed the claims on the merits and granted summary judgment in favor of the government. *See Larson v. United States*, No. 98-902 (C.D. Cal. Nov. 24, 1999), *aff'd*, 2 F. App'x 847 (9th Cir. 2001). The district court held that it did not have jurisdiction over the Larsons' request for declaratory relief. However, the court exercised jurisdiction over their claim for a refund and addressed the merits of that claim. The court held that Mr. Larson's plea agreement did not prevent the imposition of interest for the period before

August 19, 1985; that the plea agreement was not breached by the assessment of interest for that period; and that the Larsons were not entitled to a refund on any other ground asserted in that action.

Undeterred, the Larsons continued their efforts to recover tax refunds. *See, e.g.*, *Larson v. United States*, No. 04-1176 (C.D. Cal. May 3, 2005) (new claim of double taxation barred by res judicata), *aff'd*, 175 F. App'x 814 (9th Cir. 2006). The present appeal stems from a series of 15 amended returns filed by the Larsons during 2006 and 2007, in which they sought refunds for tax years 1978, 1979, 1980, 1986, 1988, 1989, and 1991 under a variety of theories.

The Court of Federal Claims grouped the Larsons' claims into four categories. First, the court dismissed the refund claims for 1978, 1979, and 1980 because the amended returns filed by the Larsons in 2006 and 2007 were untimely and because the refund claims did not relate back to earlier refund claims filed between 1991 and 1998. The court held that those earlier claims could not be revived or amended because they had already been fully adjudicated and were no longer pending. In the alternative, the court found that the amended returns were not germane to the earlier refund claims, and were barred in any event by collateral estoppel and res judicata.

Second, the court dismissed the Larsons' refund claim for 1986. The court construed that claim to be an attempt to resurrect refund claims filed in 1991 and 1992 through amended returns filed in 2006 and 2007. Again, the court held that the amended returns were untimely, that the Larsons could not amend refund claims that were no longer pending, and that the new refund claims were not germane to the earlier refund claims. Alternatively, the

court held that the refund claim was never articulated with sufficient detail in the earlier refund requests and that it was not until 2006 that the Larsons made clear the basis of that claim—at which point the claim was untimely.

Third, the court dismissed the argument that the IRS had improperly transferred payments for 1988, 1989, and 1991 to other tax years. The court found that the Larsons had failed to raise that argument in any of their amended returns and that it was therefore barred by the doctrine of variance. The court also ruled that the argument failed on the merits because the Larsons had not yet filed returns for those tax years at the time of the relevant payments; for that reason, the IRS had discretion under 26 U.S.C. § 6402(a) to apply overpayments to previous outstanding tax liabilities.

Finally, the court dismissed the Larsons' request for a refund of the sales proceeds of 256 gold coins that were pledged as bond collateral in Mr. Larson's criminal case. The court addressed that claim on its merits and concluded that the IRS lawfully obtained possession of the gold coins by serving notice of levy in order to collect upon the August 15, 1985, jeopardy assessments.

## DISCUSSION

On appeal, the only issue of substance raised by the Larsons is that their earlier refund claims, although received by the IRS, were never "filed" with the Secretary of the Treasury as required by 26 U.S.C. § 7422(a). The Larsons allege that those refund claims were ignored by the IRS because the Larsons were secretly designated as "Illegal Tax Protestors," a fact they did not learn until sometime after 1998 when Congress invalidated those designations.

The Larsons claim that the government's failure to "file" their refund claims with the Secretary of the Treasury has two consequences. First, it renders all the prior court decisions adjudicating their claims void for lack of subject matter jurisdiction, thus depriving those decisions of res judicata effect. Second, it means that the unfiled refund claims remained viable and were properly amended when the Larsons made their submissions to the IRS in 2006 and 2007.

The Larsons' arguments are flawed at the outset because any claim that is received by the IRS is deemed to have been "filed with the Secretary." *See Jones v. United States*, 226 F.2d 24, 28 (9th Cir. 1955) ("The 'filing' of a return or a claim for refund by a taxpayer is completed when the return or claim reaches the collector's office."). The fact that the IRS failed to address the Larsons' refund claims until 2008 does not mean those claims were not "filed" with the Secretary. The decisions of the Tax Court and the United States District Court for the Central District of California remain valid and retain their preclusive effect. Although we find that the Larsons were entitled to amend their refund claims in 2006 and 2007 because the IRS did not disallow those claims until 2008, we agree with the trial court's conclusions that the amendments were not germane and that the amended claims were precluded by res judicata. Because we find no error in any of the other rulings by the Court of Federal Claims, we affirm that court's judgment in its entirety.

**AFFIRMED.**