NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WESTERN MANAGEMENT, INC.,
ROBERT E. KOVACEVICH,
AND YVONNE R. KOVACEVICH,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5005

---

Appeal from the United States Court of Federal Claims in No. 08-CV-116, Judge Nancy B. Firestone.

---

Decided: December 12, 2012

---

ROBERT E. KOVACEVICH, of Spokane, Washington, argued for plaintiffs-appellants.

MELISSA BRIGGS, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were KATHRYN KENALLY, Assistant Attorney General, RICHARD FARBER and REGINA

S. MORIARTY, Attorneys. Of counsel was GILBERT S. ROTHENBERG, Attorney.

———————————

Before NEWMAN, DYK, and PROST, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* DYK.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

DYK, *Circuit Judge*.

Robert E. Kovacevich and Yvonne R. Kovacevich appeal from a decision of the Court of Federal Claims granting summary judgment to the government on their tax refund claims. *See W. Mgmt., Inc. v. United States*, 101 Fed. Cl. 105 (2011). The Kovaceviches also appeal from the Court of Federal Claims' grant of summary judgment to the government on its counterclaims against them, and the entry of judgment in the amount of $87,879.39. *See id.* We *affirm* the court's grant of summary judgment to the government on the Kovaceviches' claims, and (with one exception) *affirm* its judgment in favor of the government on the government's counterclaims. We *remand* for the Court of Federal Claims solely to determine whether the judgment in favor of the government on its counterclaims should be reduced by certain credits claimed by the Kovaceviches under 26 U.S.C. § 6521.

BACKGROUND

This litigation arises from the Kovaceviches' efforts to obtain a refund of the amount represented by four checks they wrote to the Internal Revenue Service ("IRS") between 1991 and 2004. *See W. Mgmt.*, 101 Fed. Cl. at 112. The government asserted counterclaims against the Kovaceviches concerning their liability for tax liabilities incurred by Western Management, Inc. ("Western") in

1994 and the first fiscal quarter of 1995. *See id.*[1]

During the periods in question, Robert Kovacevich was the president, secretary-treasurer, and sole shareholder of Western, a professional services corporation. *See W. Mgmt.*, 101 Fed. Cl. at 110-11; *W. Mgmt., Inc. v. Comm'r*, 85 T.C.M. (CCH) 1442, 1442 (2003), T.C. Memo 2003-162, *aff'd in part*, 176 F. App'x 778 (9th Cir. 2006). The corporation treated Robert as an independent contractor, and did not pay the employer's share of employment taxes or withhold the employee's share of federal income and employment taxes. *See W. Mgmt.*, 85 T.C.M. (CCH) 1442; *see also Kovacevich v. Comm'r*, 98 T.C.M. (CCH) 1, 1 (2009), T.C. Memo 2009-160 (discussing the 1992 tax year). The Kovaceviches appear to have paid self-employment taxes, consistent with Robert's professed status as an independent contractor.

In April 1999, the IRS sent Western a notice of determination, recharacterizing Robert as an employee and assessing a deficiency in the corporation's taxes for the periods at issue. *W. Mgmt.*, 85 T.C.M. (CCH) at 1442-43. The Tax Court sustained the IRS's determination. *See id.* at 1445. The Ninth Circuit affirmed as to Western's liability for unpaid employment taxes. *See W. Mgmt.*, 176

---

[1] Western was named Robert E. Kovacevich, P.S. until 1997, and its current name is credeX Inc. Since all parties have referred to the corporation as "Western Management" in this litigation, we do the same.

Western was also a party before the Court of Federal Claims. The court dismissed the claims and counterclaims involving the corporation, holding that because Tax Court litigation over its corporate liability for the fiscal quarters at issue was pending before the Ninth Circuit at the time that this suit was filed, the Court of Federal Claims lacked jurisdiction over those claims under 28 U.S.C. § 1500. *See W. Mgmt.*, 101 Fed. Cl. at 113-14. Neither side has appealed that dismissal.

F. App'x 778.  However, noting Western's claim that the Kovaceviches had "paid self-employment taxes equivalent to the amounts [of employment taxes] owed" by the corporation, the Ninth Circuit suggested that the Kovaceviches could seek a refund under 26 U.S.C. § 6511(d)(7).  *Id.* at 781.  The Ninth Circuit remanded for the Tax Court to reexamine Western's liability for failing to withhold income taxes.  *Id.* at 782.  On remand, the Tax Court found that because Robert had paid his income taxes, the IRS could not penalize Western for failing to withhold, but refused to abate Western's liability for the employer's share of employment taxes.  The Ninth Circuit affirmed. *See W. Mgmt. v. Comm'r*, 314 F. App'x 65 (9th Cir. 2009); *Kovacevich*, 98 T.C.M. (CCH) at 2 (summarizing this litigation).

In 2004, while the Tax Court litigation was on appeal before the Ninth Circuit for the first time, the IRS sought to collect some of Western's liabilities from Robert, as the individual responsible for the corporation's tax payments under § 6672 of the Internal Revenue Code.  *See Kovacevich*, 98 T.C.M. (CCH) at 1-2.  In particular, the IRS assessed against Robert a so-called trust-fund-recovery penalty, stemming from Western's failure to withhold Robert's income taxes and employee's share of employment taxes.  *See id.*[2]  When the Tax Court, on remand from the Ninth Circuit, abated Western's liability for failure to withhold Robert's taxes, the IRS abated Robert's

---

[2]   The Tax Court has described the trust-fund-recovery penalty assessed against Robert as a penalty for "*unpaid employer* taxes," *id.* at 2 (emphasis added), rather than for *unwithheld employee* taxes, but this appears to be an error, in light of the court's accompanying description of the § 6672 trust-fund-recovery penalty as a penalty assessed when "a corporate employer doesn't pay over the *withheld* [income and employment taxes]," *see id.* at 1-2 (emphasis added).

corresponding trust-fund-recovery penalty. This trust-fund-recovery penalty is distinct from the government's efforts in this litigation, discussed below, to impose liability on the Kovaceviches on an alter ego theory.

Around this time, the Kovaceviches wrote three of the four checks to the IRS that are at issue here. Specifically, the Kovaceviches wrote a check for $7,682.00 in September 2003; a check for $7,514.40 in April 2004; and a check for approximately $8,276 in November 2004. *See* 101 Fed. Cl. at 112 & n.15; *Kovacevich*, 98 T.C.M. (CCH) at 3. While the Kovaceviches have advanced different explanations at different times as to their intent with respect to these checks, the record is clear regarding what the IRS did with the checks: all three were credited to Western's tax account, offsetting part of the corporation's liabilities for the five quarters at issue in this litigation (1994 and the first quarter of 1995). *See infra.*

The Kovaceviches initiated this litigation in February 2008, seeking a refund of the amount represented by the three checks. *See* 101 Fed. Cl. at 112. The Kovaceviches asserted that the checks were payments for Robert's trust-fund-recovery penalty, and that when that penalty was abated, the amounts should have been refunded. *Id.* The Kovaceviches also sought a refund for the value of a fourth check drawn for approximately $22,000 on the account of Robert E. Kovacevich, P.S. in March 1991, on the theory that the IRS had wrongfully assessed Western for taxes that had already been paid by the Kovaceviches individually. *See id.* at 112 & n.16; *Kovacevich*, 98 T.C.M. (CCH) at 3.

The government counterclaimed against the Kovaceviches, seeking to hold both members of the couple individually liable for Western's remaining employment tax liabilities for 1994 and the first quarter of 1995. 101 Fed.

Cl. at 112. In particular, the government sought to hold Robert liable as the "alter ego" of the corporation, and Yvonne jointly liable under Washington's community property law. *Id.*

The Court of Federal Claims awarded summary judgment to the government on both the Kovaceviches' claims and the government's counterclaims. With regard to the three checks from 2003 and 2004, the court read an earlier Tax Court ruling as finding that the IRS's decision to credit these checks to Western was proper, and held that the Kovaceviches were precluded from relitigating this issue. *Id.* at 114-16 (citing *Kovacevich*, 98 T.C.M. (CCH) 1). With regard to the March 1991 check, the court found that the statute of limitations for claiming a refund had expired. *Id.* at 116 (citing 26 U.S.C. § 6511(b) (2006)). Finally, with regard to the government's counterclaim, the court found that Robert was liable as Western's alter ego, and Yvonne was liable as an owner of community property. *Id.* at 117-20. The court further held that "res judicata bars [the Kovaceviches] from relitigating the issue of [Western's] liability for employment taxes, penalties, and interest stemming from Mr. Kovacevich's employment." *Id.* at 119. The court entered judgment against the Kovaceviches in the amount of $87,879.39. *Id.* at 121-22.

The Kovaceviches timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). "We review grants of summary judgment de novo." *Manor Care, Inc. v. United States*, 630 F.3d 1377, 1381 (Fed. Cir. 2011).

Discussion

I. The Plaintiffs' Claims

A. The 2003 and 2004 checks

On appeal, the Kovaceviches first contest the Court of

Federal Claims' denial of a refund or credit for the three checks written in 2003 and 2004. The court found that this claim was precluded by the Tax Court's decision in *Kovacevich v. Commissioner*, 98 T.C.M. (CCH) 1 (2009), T.C. Memo 2009-160, which, the Court of Federal Claims believed, "established the appropriateness of allocating [the checks] toward [Western's] account." *W. Mgmt., Inc. v. United States*, 101 Fed. Cl. 105, 114-15 (2011); *see also W. Mgmt., Inc. v. United States*, No. 08-116T, slip op. at 3 n.1 (Fed. Cl. Jan. 17, 2012) (Order Denying Reconsideration) ("[T]he Tax Court has established that the IRS treated the Kovaceviches' payment correctly when it applied those payments towards [Western's] existing tax liability.").

We conclude that the Court of Federal Claims read too much into the Tax Court's decision when it held that the Tax Court's decision is preclusive on the question of whether this crediting was proper. In particular, the Tax Court explicitly refrained from deciding whether the IRS's crediting of the last check, for approximately $8,276, accorded with the taxpayers' wishes. 98 T.C.M. (CCH) at 7.

Nonetheless, we affirm the court's award of summary judgment to the government on different grounds. Since the Kovaceviches are now liable for Western's tax liability, they have received the full benefit of these payments. The Kovaceviches are not entitled to any further credit or refund for these payments.

## B. The 1991 check

The Kovaceviches also appeal the Court of Federal Claims' determination that the statute of limitations bars their claim for a refund for the amount of the check they wrote in 1991. Seemingly conceding that the ordinary statute of limitations, set forth in § 6511(b) of the Internal

Revenue Code, has expired, the Kovaceviches instead seek a credit under § 6521 of the Code. Section 6521 provides that where the correction of a particular mischaracterization of income requires "an assessment of one [form of] tax and the refund or credit of [another]," but the statute of limitations bars a refund action, "the amount of the assessment . . . shall be reduced by the amount of the credit or refund . . . which would be required . . . if such credit or refund . . . were not prevented by" the statute of limitations. 26 U.S.C. § 6521(a). The Kovaceviches represented in this litigation that the March 1991 check was intended to pay Robert's employment taxes for 1989 and part of 1990. Since none of the government's recovery on the counterclaim stems from the recharacterization of any income earned in the years 1989 or 1990, § 6521 does not permit the Kovaceviches to seek a credit for the 1991 payment. *See Bronson v. Comm'r*, 64 T.C.M. (CCH) 1254 (1992), T.C. Memo 1992-648. As the Court of Federal Claims correctly concluded, the statute of limitations has expired on this claim.

## II. The Government's Counterclaims[3]

---

[3]    The Kovaceviches contend that the Court of Federal Claims lacked jurisdiction over the government's counterclaims against them. The trial court's jurisdiction over the counterclaims derives from its jurisdiction over the individuals' claims. *See* 28 U.S.C. §§ 1503, 2508; *W. Mgmt., Inc. v. United States*, No. 08-116T, slip op. at 3-4 (Fed. Cl. March 20, 2009) (Order Granting in Part and Denying in Part Motion to Strike Defendant's Counterclaim). The court correctly held that 28 U.S.C. § 1500 did not deprive it of jurisdiction over the individuals' claims, notwithstanding the fact that the Tax Court litigation in *Kovacevich*, 98 T.C.M. (CCH) 1, was ongoing at the time that the present litigation commenced. *See W. Mgmt., Inc. v. United States*, No. 08-116T, slip op. at 4-5 (Fed. Cl. Jan. 17, 2012) (Order Denying Reconsideration).

## A.   The alter ego determination

The Kovaceviches appeal the trial court's determination that Robert is Western's alter ego, claiming that this finding is contrary to the Tax Court's findings in *Western Management, Inc. v. Commissioner*, 85 T.C.M. (CCH) 1442 (2003), T.C. Memo 2003-162, and therefore barred by both claim and issue preclusion.  The Court of Federal Claims correctly rejected this argument.  *See W. Mgmt.*, 101 Fed. Cl. at 118 n.20.  The Tax Court made no determination on the alter ego question.  *See W. Mgmt.*, 85 T.C.M. (CCH) 1442; *W. Mgmt.*, No. 12686-99 (T.C. Aug. 20, 2003) (Order on Motion for Reconsideration).  Thus, the Tax Court litigation has no preclusive effect on the alter ego determination.  However, as the Court of Federal Claims correctly noted, the plaintiffs' own admissions in filings submitted to the Tax Court establish that "Mr. Kovacevich regarded himself as [Western's] 'alter ego,'

Section 1500 deprives the court of jurisdiction over a claim if it is "based on substantially the same operative facts" as a claim pending in another court.  *United States v. Tohono O'odham Nation*, 131 S. Ct. 1723, 1731 (2011).  In this case, the "operative facts" are not the same.  At the time that this case was filed in the Court of Federal Claims, two Tax Court litigations were pending.  One Tax Court suit concerned Western's tax liability for 1994 and 1995.  *See W. Mgmt. v. Comm'r*, 314 F. App'x 65 (9th Cir. 2009).  The Kovaceviches were not parties to that litigation, so it has no bearing on whether § 1500 bars suit by the Kovaceviches individually.  The other pending Tax Court suit concerned the Kovaceviches' 1992 tax liability, and not the 1994 or 1995 tax liabilities involved here. *See Kovacevich*, 98 T.C.M. (CCH) at 7.  Contrary to the dissent's assertion, the 1992 tax year is not at issue in this case.  Furthermore, we have held that this second Tax Court litigation was not preclusive on the issue of the proper crediting of the checks in this case.  Therefore, § 1500 has no application to the claims and counterclaims involving the Kovaceviches in this case.

with all control over the corporation being held by himself and Mrs. Kovacevich." *W. Mgmt.*, 101 Fed. Cl. at 117-18.

### B.   The 1994 and 1995 self-employment tax payments

The Kovaceviches also seek credit against the government's recovery for self-employment taxes they allegedly paid along with their 1994 and 1995 income tax returns.  Once again, they rely on § 6521 of the Internal Revenue Code, arguing that since the judgment in this case stems from Western's failure to pay employment taxes for the same quarters for which they mistakenly paid self-employment taxes, § 6521 permits them to offset their mistaken payments against the judgment.  At oral argument we ordered supplemental briefing on this issue.  In its supplemental briefing, the government claimed that the Kovaceviches received at least partial credit for their self-employment tax payments.  However, the record in this litigation is not adequate to determine whether some or all of the claimed credit was allowed.  We must thus assume for purposes of this appeal only that the Kovaceviches were not given the credit that they now claim.

The government argues alternatively that the Kovaceviches cannot claim the benefit of § 6521.  Section 6521 only allows the original, mistakenly paid taxes to be offset against the newly-assessed taxes if the statute of limitations prevented the person who paid the original taxes from initiating an ordinary refund proceeding *at the time that the new taxes were assessed.   See* Treas. Reg. § 301.6521-1(c) (1967); Rev. Rul. 78-127, 1978-1 C.B. 436.  The government argues that the employment taxes were assessed against Western in April 2004, and that the Kovaceviches could have sought a refund for the self-employment taxes they allegedly paid at any time between June 2003 (when the Tax Court issued its initial

ruling affirming the IRS's reclassification of Robert, *see W. Mgmt.*, 85 T.C.M. (CCH) 1442) and December 2008 (at the end of the second calendar year after that ruling became final, *see* 26 U.S.C. § 7481(a)(2) (2006); *W. Mgmt. v. Comm'r*, 176 F. App'x 778 (9th Cir. 2006)). *See* 26 U.S.C. § 6511(d)(7) (2006); *see also W. Mgmt*, 176 F. App'x at 781 (suggesting the Kovaceviches seek relief under § 6511).

The government appears to be correct that § 6521 does not entitle the Kovaceviches to claim a credit against Western's tax liability because at the time that that liability was determined, the Kovaceviches could have sued for a self-employment tax refund. The Kovaceviches are not entitled to a credit against Western's corporate liability, but they are (potentially) entitled to a credit against their individual liability resulting from the alter ego determination. That liability was first determined in 2011, when the Court of Federal Claims entered judgment in this litigation, and will only be finally determined when this decision on appeal becomes final. By that time, the statute of limitations for a refund claim under § 6511(d)(7) will have expired. Under these circumstances, we think that § 6521 allows the Kovaceviches to claim a credit for self-employment tax paid against their liability for Western's unpaid taxes to the extent that such a credit has not already been allowed. We leave to the Court of Federal Claims on remand to determine, in the first instance, the amount of such a credit.

## CONCLUSION

To summarize, we affirm the Court of Federal Claims' determination that no further credit is due for the checks written in 2003 and 2004; that the statute of limitations has expired with regard to the check written in 1991; and that Robert is liable for Western's unpaid taxes as the

corporation's alter ego. We have also considered the Kovaceviches' other arguments, and find them to be without merit. We thus affirm the trial court's rejection of the Kovaceviches' claims and award of summary judgment to the government on its counterclaims, with one exception. We remand to the Court of Federal Claims *solely* in order to determine whether the Kovaceviches have previously received credits for the full amount of self-employment taxes they paid for 1994 and the first quarter of 1995, and, if they have not, to correct the amount of the judgment entered against them to reflect such credits.

COSTS

Costs to neither side.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**WESTERN MANAGEMENT, INC.,**
**ROBERT E. KOVACEVICH,**
AND **YVONNE R. KOVACEVICH,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

_____

2012-5005

_____

Appeal from the United States Court of Federal Claims in No. 08-CV-116, Judge Nancy B. Firestone.

_____

NEWMAN, *Circuit Judge*, dissenting.

The Court of Federal Claims did not have subject matter jurisdiction over this case under 28 U.S.C. §1500, and as reinforced by the Court in *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723 (2011). The judgment against the plaintiffs should be vacated, and the claims and counterclaims dismissed. From my colleagues' contrary ruling, I respectfully dissent.

## DISCUSSION

On February 28, 2008, Robert and Yvonne Kovacevich

filed this suit in the Court of Federal Claims to obtain credits or refunds of asserted tax overpayments represented by four payments to the IRS made by personal check, dated between 1991 and 2004.[1]  The IRS credited the first check, for $8,276.50, to Western Management, Inc.'s 1995 tax liability.  *Kovacevich v. Comm'r*, 98 T.C.M. (CCH) 1, 9-10 (T.C. 2009).  The second and third checks, for $7,682.00 and $7,514.40, were credited to Western Management's liability for tax year 1994.  *Id.* at 8-9.  The fourth check, for $21,985.48, was credited to Western Management's pre-1992 tax liability.  *Id.* at 7.

At the time of filing this suit, the plaintiffs had pending two separate but related cases in the Tax Court.  The first case, *Kovacevich v. Commissioner*, 98 T.C.M. (CCH) 1 (T.C. 2009), involved whether the IRS properly credited the four checks to Western Management's pre-1992, 1994, and 1995 employer tax liabilities, or whether the IRS should have credited these payments to the Kovaceviches' personal income tax liability for tax year 1992.  Mr. and Mrs. Kovacevich argued that as "voluntary payments" they were entitled to have the checks credited according to their wishes, for their 1992 tax year.  The IRS responded that the checks were properly applied to Western's tax liabilities according to the Kovaceviches' notations on the checks.  The Tax Court held that the IRS properly credited the checks to Western Management's tax liability rather than the Kovaceviches.  98 T.C.M. (CCH) at 7-10.  Mr. and Mrs. Kovacevich did not appeal.

The second case, *Western Management, Inc. v. Commissioner*, 94 T.C.M. (CCH) 127 (T.C. 2007), *aff'd* 314 F.

---

[1]    The majority states that the present litigation arises from the plaintiffs' efforts to "obtain a refund," maj. op. at 2, but that is not entirely accurate.  The Complaint requests "a credit *or* refund" for each of the payments.  Complaint ¶¶16, 24, 30; *id.*, Request for Relief ¶¶1-4.

App'x 65 (9th Cir. 2009), involved a "recalculation" of Western's liability under 26 U.S.C. §3402(d) for tax years 1994 and 1995 based on payments made by Mr. and Mrs. Kovacevich in their personal capacity. This case was a remand after appeal of a prior Tax Court proceeding, *Western Manangement, Inc. v. Commissioner*, 176 Fed. App'x 778, 782 (9th Cir. 2006), in which the Ninth Circuit held that Western Management was liable for unpaid employer taxes as the employer of Robert Kovacevich. On February 12, 2008, while the recalculation remand was still pending, an IRS case manager sent Robert Kovacevich a letter "relieving" Western of trust-fund-recovery penalties for certain quarters in tax years 1994 and 1995. JA 250 (Letter from IRS to Robert Kovacevich).

Two weeks after the February 12, 2008 letter, while the 1992 income tax and Ninth Circuit remand cases were pending in the Tax Court, the plaintiffs brought the present suit seeking credits or refunds for the checks. On motion for summary judgment, the government argued that all claims by and against Western Management were barred under Section 1500 and *Tohono O'Odham*. The Court of Federal Claims agreed, and dismissed all claims by and against Western. *W. Mgmt., Inc. v. United States*, 101 Fed. Cl. 105, 114 (2011). The Kovaceviches' personal claims, and the government's counterclaims, were not dismissed, for the Court of Federal Claims found that the Kovaceviches did not "have another case pending in another court 'for or in respect to' the claims they filed as individuals." *Id.*

The government then moved for summary judgment on the Kovaceviches' personal claims, arguing they were barred by res judicata based on the Tax Court litigation re the 1992 tax year. 101 Fed. Cl. at 115. The court granted the motion, stating

the Kovaceviches were parties to the Tax Court CDP litigation regarding tax year 1992 that established the appropriateness of allocating certain of the plaintiffs' tax payments toward WMI's account. In that case, the Kovaceviches argued that the IRS had inappropriately credited WMI's account with certain checks the Kovaceviches had submitted to the IRS. The Tax Court held that the IRS had treated the checks at issue properly. Kovacevich, T.C.M. (RIA) 2009–160 (Def.'s Ex. 21). In particular, the court held the following: Check number 3747, for $21,985.48, written on the account of Robert E. Kovacevich, P.S., was applied to the firm's tax account for years preceding 1992. Check 10161, for $7682.00, written September 29, 2003, was properly allocated to WMI's account equally between the four quarters of 1994. Check 10376, for $7514.40, dated April 28, 2004, drawn from the personal account of Robert and Yvonne Kovacevich, was credited to WMI's account for the first quarter of 1994. Finally, check 7641, for $8276.50, was properly credited to WMI's account for the first quarter of 1995.

Mr. and Mrs. Kovacevich are barred by the doctrine of res judicata from relitigating the issue of the appropriateness of the IRS crediting WMI's account with the above-described payments. As the Supreme Court has explained, once parties have an opportunity to fully litigate an issue and obtain a final judgment on the merits, they may not relitigate that issue . . . .

*Id.*

Mr. and Mrs. Kovacevich moved for reconsideration based on the undisputed fact that, contrary to the court's discussion of Section 1500 in its opinion, the 1992 case

relied upon for res judicata was pending at the time they filed suit in the Court of Federal Claims. In denying reconsideration, the Court of Federal Claims admitted it "erred" in failing to recognize that the 1992 personal income tax case was pending at the time the Kovaceviches filed, but the court adhered to its ruling because the Tax Court case pertained to "a different tax year."

Section 1500 states that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claims . . . in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. §1500. Under the Court's decision in *Tohono O'Odham*, a suit is precluded under Section 1500 if based on "substantially the same operative facts, regardless of the relief sought in each suit." 131 S. Ct. at 1731. The Court explained that "[c]oncentrating on operative facts is [ ] consistent with the doctrine of claim preclusion, or res judicata, . . . [Given the history of Section 1500] it is no surprise that the statute would operate in similar fashion." *Id.* at 1730.

Guided by the Supreme Court's discussion in *Tohono O'Odham*, it is not sufficient to state, as the Court of Federal Claims did here, that the Kovaceviches' "refund" claims can be barred by res judicata while eluding preclusion under Section 1500. *Tohono O'Odham* precludes claims based on the same "operative facts." Whether the Tax Court was presented with or considered the specific relief requested here in either the Kovaceviches' 1992 personal income tax case or Western's 1994-95 recalculation case, is not critical. The transactional facts are the same in the three cases regardless of the relief requested. *Larson v. United States*, 89 Fed. Cl. 363, 398 (Fed. Cl. 2009) ("The [ ] plaintiffs have attempted to repackage their theory of refund recovery a number of times, but the underlying 'transactional' facts . . . have remained the

same. . . . 'Altering the theory of recovery does not create a new claim under the transactional approach.'" (citations omitted)), *aff'd*, 376 F. App'x 26 (Fed. Cir. 2010).

In the 1992 personal income tax case, the IRS Appeals officer applied the $8,276 check to Western Management's deficiency for the first quarter of 1995, and the Tax Court affirmed that crediting despite the Kovaceviches' objection. 98 T.C.M. (CCH) at 9-10. The Tax Court found that all of the checks were "properly credited to years other than 1992." *Id*. at 10. Although the Tax Court did not recite the particular liability of Western against which the $8,276 check was credited, the disposition of that payment was the foundation of the suit.[2] The Tax Court also held, for reasons stated by that court, that "[a]ny mistake the Appeals officer made in finding that the check was credited according to the Kovaceviches wishes is harmless error." 98 T.C.M. (CCH) at 10.

The question of whether the $8,276 was properly credited was decided by the Tax Court. The Kovaceviches' attempt to relitigate those issues is barred by Section 1500.

---

[2]   The panel majority states at footnote 3 that the Tax Court litigation did not involve Robert's 1994 or 1995 trust-fund-recovery penalty or the corporation's tax liability for 1994 or 1995. That is incorrect. The 1994 and 1995 tax years were at issue in the Tax Court case appealed to the Ninth Circuit and remanded to the Tax Court, and thus squarely invoke Section 1500. The Court of Federal Claims correctly applied Section 1500 to bar the claims by and against Western Management in view of those proceedings. In the case before us, the parties are Mr. and Mrs. Kovacevich and Western Management, all seeking refund (or credit) of payments for tax years 1992, 1994, and 1995. The same operative facts are the foundation of the suits, first in the Tax Court, now in the Court of Federal Claims. Section 1500 is directly applicable.

In the Court of Federal Claims, "[w]hen a plaintiff's claim is rejected for lack of jurisdiction, the defendant's counterclaim must be dismissed along with plaintiff's complaint, without regard to the merits of the counterclaim." *Talbot v. United States*, 40 Fed. Cl. 801, 806 (Fed. Cl. 1998). The Court of Federal Claims must have jurisdiction of a plaintiff's claim against the United States, or the entire suit—including the counterclaim—is a "void act." *Triton Group, Ltd. v. United States*, 10 Cl. Ct. 128, 134 (1986) *aff'd*, 818 F.2d 876 (Fed. Cir. 1987); *Mulholland v. United States*, 361 F.2d 237, 245 (Ct. Cl. 1966).

This claim against the United States and the government's counterclaim require dismissal under Section 1500. From my colleagues' contrary ruling, I respectfully dissent.