**NOT FOR PUBLICATION**

DEC 4 2014

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUANE W. LARSON; PAMELA A. LARSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, through the Administrative Agencies of the Internal Revenue Service and the Social Security Administration, <br><br> Defendant - Appellee. | No. 12-56694 <br><br> D.C. No. 8:11-cv-01946-JLS-RNB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

   Duane W. and Pamela A. Larson appeal pro se from the district court's order

dismissing their action to recover tax refunds for tax years 1978-1980.  We have

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of the doctrine of res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and we affirm.

The district court properly dismissed the Larsons' action as barred by the doctrine of res judicata because the Larsons litigated their tax liability for 1978-1980 in the Court of Federal Claims, which issued a final judgment on the merits in 2009. *See Larson v. United States*, 89 Fed. Cl. 363 (Fed. Cl. 2009), *aff'd*, 376 Fed. App'x 26 (Fed. Cir. 2010); *see also Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948) ("[I]f a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year."); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (setting forth the three elements of res judicata).

The district court did not abuse its discretion in denying reconsideration because the Larsons failed to show grounds warranting reconsideration. *See* C.D. Cal. L.R. 7-18 (setting forth grounds for reconsideration); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**

12-56694